UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KYRA LYNCH,

                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, COMMANDING OFFICER
COREY PEGUES, POLICE OFFICER JAECEAN
WILSON, SHIELD NO. 23815, "JOHN DOE" POLICE
OFFICERS 1-10, "JANE DOE" POLICE OFFICER,

                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST
AMENDED COMPLAINT**

Jury Trial Demanded

07 Civ. 10446 (CM)(MHD)

        The City of New York, Raymond Kelly, Corey Pegues and Jaecean Wilson, by

their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their

answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.        Deny the allegations set forth in paragraph "1" of the complaint, except

admit plaintiff purports to proceed as stated therein.

        2.        Deny the allegations set forth in paragraph "2" of the complaint, except

admit plaintiff purports to proceed as stated therein.

        3.        Deny the allegations set forth in paragraph "3" of the complaint, except

admit plaintiff purports to proceed as stated therein.

        4.        Deny the allegations set forth in paragraph "4" of the complaint, except

admit plaintiff purports to proceed and to invoke the jurisdiction of the Court as stated therein.

        5.        Deny the allegations set forth in paragraph "5" of the complaint, except

admit plaintiff purports to proceed as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit plaintiff purports to base venue as stated therein.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Admit the allegations set forth in paragraph "8" of the complaint.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is and was the Commissioner of the New York City Police Department and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that Corey Pegues was employed by defendant City of New York as a Police Captain at PSA 2 on September 2, 2006, and remains so employed and further admit that plaintiff purports to proceed as stated therein.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint regarding any unidentified persons, except admit that Jaecean Wilson was employed by defendant City of New York as a police officer on September 2, 2006, and remains so employed and further admit that plaintiff purports to proceed as stated therein.

12.    Deny the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff's purported Notice of Claim was received in the New York City Office of the Comptroller on or about September 13, 2006, and further admit that more than thirty (30) days

have elapsed since plaintiff's purported Notice of Claim was received and that this matter has not been settled or otherwise disposed of.

       14.    Deny the allegations set forth in paragraph "14" of the complaint.

       15.    Admit that the building at 335 Sutter Avenue in Brooklyn, New York, is a New York City Housing Authority development.

       16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

       17.    Deny the allegations set forth in paragraph "17" of the complaint

       18.    Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was handcuffed and arrested.

       19.    Admit the allegations set forth in paragraph "19" of the complaint.

       20.    Admit the allegations set forth in paragraph "20" of the complaint except admit that plaintiff remained at PSA 2 for some period of time.

       21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was charged with violations of PL §§ 205.30, disorderly conduct, 240.08, inciting to riot, 240.20, disorderly conduct, and misdemeanor violation of a local law.

       22.    Admit the allegations set forth in paragraph "22" of the complaint.

       23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint except admit that plaintiff remained at Brooklyn Central Booking for some period of time.

       24.    Admit the allegations set forth in paragraph "24" of the complaint.

       25.    Deny the allegations set forth in paragraph "25" of the complaint.

       26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint, including all subparts.

28.     In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" inclusive of this answer, as if fully set forth herein.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "30" inclusive of this answer, as if fully set forth herein.

32.     Deny the allegations set forth in paragraph "32" of the complaint and respectfully refer all questions of law to the Court.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" inclusive of this answer, as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "40" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's mental state.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "42" inclusive of this answer, as if fully set forth herein.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" inclusive of this answer, as if fully set forth herein.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding an unspecified defendant.

51.     Deny the allegations set forth in paragraph "51" of the complaint, except deny knowledge or information sufficient to form a belief as to the plaintiff's mental state.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "53" inclusive of this answer, as if fully set forth herein.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint and respectfully refer all questions of law to the Court.

57.    In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "56" inclusive of this answer, as if fully set forth herein.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

60.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

61.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

62.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion; therefore, they are entitled to state law good faith immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

63.    Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

64.    Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

65.     Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

66.     There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE:

67.     Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

68.     The individual defendants Raymond Kelly, Corey Pegues and Jaecean Wilson have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Raymond Kelly, Corey Pegues and Jaecean Wilson request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              March 17, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                           City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 3-141
                                        New York, New York 10007
                                        (212) 788-0869


                                    By:    /s/ Jordan M. Smith
                                           Jordan M. Smith
                                           Assistant Corporation Counsel


To:  Cynthia Conti-Cook, Esq. (by ECF)
     Attorney for Plaintiff
     71 Nevins Street
     Brooklyn, New York  11217